**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 98-4252

GARY LEON BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., District Judge.
(CR-89-92)

Submitted: September 8, 1999

Decided: November 2, 1999

Before ERVIN,* WILKINS and LUTTIG, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Bryan Gates, Winston-Salem, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, Harry L. Hobgood, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

*Judge Ervin was assigned to the panel for this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel. 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gary Leon Brown was convicted in 1989 of conspiring to possess cocaine and crack cocaine with intent to distribute between August and December of 1988, and of distributing 79.7 grams of crack on December 7, 1988. Brown appealed, but the appeal was dismissed for lack of prosecution. In 1998, the district court found that Brown had received ineffective assistance in connection with his appeal, granted relief on this claim under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), and re-entered the original judgment to afford Brown an opportunity to appeal his conviction and sentence. Brown timely appealed from the newly entered judgment, contesting the district court's limitation on his cross-examination of two government witnesses, as well as its enhancement of his sentence on the grounds that he obstructed justice by giving perjured testimony at trial, see U.S. Sentencing Guidelines Manual § 3C1.1 (1988), and that he had an aggravated role in the offense. See USSG§ 3B1.1(c). We affirm the conviction and the district court's finding concerning Brown's role in the offense. We vacate the sentence and remand for reconsideration of the obstruction of justice adjustment.

A defendant has a right under the Confrontation Clause to cross-examine witnesses who are cooperating with the government about potential sources of bias. See United States v. Cropp, 127 F.3d 354, 358 (quoting Delaware v. Van Arsdall, 475 U.S. 673, 678-79 (1986)), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3491 (U.S. Jan. 26, 1998) (No. 97-7265). However, the trial court retains discretion to place reasonable limits on cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Van Arsdall, 475 U.S. at 679. An improper denial of an opportunity to examine a witness for bias is subject to harmless error review. See id. at 684.

2

Brown contends that the district court abused its discretion in this case by restricting his cross-examination of government witnesses Patrick Harris and Victor Gilmer. Brown was prevented from asking what effect they thought their plea agreements would have on mandatory sentences to which they might have been subject. The district court curtailed this line of inquiry because it believed that the jury had information sufficient to allow it to weigh the credibility of Harris and Gilmer in light of any incentive they might have to lie in order to obtain the benefits of cooperation under their plea agreements. The court permitted both plea agreements to be read to the jury in their entirety.

A defendant "is constitutionally entitled to explore . . . what the witness understands he or she will receive" because "the likelihood that a prosecution witness is shading or even contriving testimony adverse to the defendant reasonably can be viewed as directly correlated with the perceived value of such testimony to the witness." Hoover v. Maryland, 714 F.2d 301, 305 (4th Cir. 1983) (emphasis in the original). However, "the proper inquiry for a reviewing court is whether the jury possesses sufficient evidence to enable it to make a `discriminating appraisal' of bias and incentives to lie on the part of the witness." Cropp, 127 F.3d at 359 (quoting United States v. Luciano-Mosquera, 63 F.3d 1142, 1153 (1st Cir. 1995)).

We find that any error committed by the district court in limiting the cross-examination of Harris and Gilmer was harmless. The factors that are relevant in determining whether a Confrontation Clause error is harmless include the importance of the witness' testimony to the government's case, whether the testimony was cumulative, whether other evidence corroborated or contradicted the witness' testimony on material points, the extent of cross-examination permitted, and the overall strength of the government's case. See Van Arsdall, 475 U.S. at 684. Here, while the testimony of Harris and Gilmer was the crux of the government's case, their testimony agreed on all material points. Harris' testimony was further corroborated by the government's introduction of a tape of a telephone conversation he had with Brown. Both Harris and Gilmer were cross-examined extensively about all aspects of their testimony.

Moreover, Harris steadfastly maintained (whether correctly or not) that he had not been advised of any sentencing benefit that he might

3

expect under his plea agreement. Gilmer's plea agreement, including the dismissal of the counts carrying mandatory sentences, had been finalized before Brown was indicted, and Gilmer was already serving his sentence when he testified against Brown. We find that additional questioning of either witness would have been of marginal relevance and that the possible bases for bias were sufficiently presented to the jury.

Following Brown's conviction, the probation officer recommended that he receive a two-level adjustment for obstruction of justice based on perjured trial testimony. Over Brown's objection, the district court at sentencing adopted the probation officer's recommendation to give the obstruction of justice adjustment without making an independent finding that Brown had committed perjury. The government concedes that the district court's failure to make an independent finding of perjury is inadequate under United States v. Dunnigan, 507 U.S. 87, 95 (1993), which was decided after Brown was sentenced. Consequently, we find that resentencing is necessary to permit the district court to reconsider whether the adjustment for obstruction of justice is appropriate.

Brown also objected to the probation officer's recommendation that he receive a two-level role adjustment under§ 3B1.1(c), a recommendation which the district court also adopted without comment. A two-level adjustment should be made under § 3B1.1(c) if the defendant was an organizer, leader, manager, or supervisor in any criminal activity that involved fewer than five participants or was not extensive. Harris testified at trial that Brown directed him to make deliveries of crack when Brown was in Miami, to pick up money owed to Brown, and to get a pager for Brown's use. Because Harris' testimony established by a preponderance of the evidence that Brown had a leadership role and the district court evidently found him a credible witness, the court did not clearly err in making the adjustment. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997) (setting out standard of review).

We therefore affirm the conviction and the district court's determination of Brown's aggravated role. We vacate the sentence and remand for resentencing to permit the district court to reconsider the obstruction of justice adjustment in light of Dunnigan. We dispense

4

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

5